**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Arnold, et al., | No. CV-16-00452-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Standard Pacific of Arizona Incorporated, et al., | |
| Defendants. | |

Plaintiff Christine Arnold asks the Court to award attorneys' fees and costs against Defendants Standard Pacific of Arizona, Inc. and HSP Arizona, Inc. pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.2(b). Doc. 31. The motion has been fully briefed (Docs. 31, 32, 33, 36), and neither party has requested oral argument. For the reasons that follow, the Court will grant Plaintiff's motion in part.

**I.    Background.**

Plaintiff purchased a single-family home in Avondale, Arizona, entering into a purchase contract with Defendant Standard Pacific of Arizona, Inc. Doc. 25 at 18. The purchase contract and addenda provided that any disputes, claims, or controversies relating to the contract would be settled by arbitration, which in turn would be governed by the procedures set forth in the contract's limited warranty. Doc. 20-2 at 9. According to this warranty, Defendants contracted with an entity known as Professional Warranty Service Corporation ("PWC"), and PWC alone would select the service that would arbitrate any potential claims. Doc. 25. The contract also contained a fallback provision

that would take effect if the arbitration provision was determined unenforceable. *Id.* at 26. The fallback provision stated that any disputes between the parties would be submitted to the American Arbitration Association ("AAA"). *Id.*

In August 2015, Plaintiff filed a demand for arbitration with the AAA, alleging construction defects in her home. Doc. 16, ¶ 20. Defendants filed a motion to dismiss, alleging that Plaintiff was not entitled to proceed under the fallback provision because the warranty arbitration provision had not been found invalid. *Id.*, ¶ 21. Jeffrey S. Cates, the arbitrator appointed by the AAA, granted the motion and stayed the arbitration. Doc. 20-6 at 3. Plaintiff then filed a complaint with this Court seeking declaratory relief concerning the validity and enforceability of the warranty arbitration provision. Doc. 1. The Court granted summary judgment in favor of Plaintiff and found that the provision was unenforceable as a matter of law. Doc. 29.

**II.   Analysis.**

Plaintiff seeks an award of attorneys' fees in the amount of $28,265.35, as well as $466.65 in taxable costs. Doc. 33 at 9. Defendants argue that Plaintiff is not entitled to fees and costs and, even if she were, the requested award is not reasonable. Doc. 32.

**A.   Eligibility.**

Although the parties agree that the Federal Arbitration Act ("FAA") governs arbitration proceedings between them, they disagree about whether the FAA prohibits an award of attorneys' fees in this case. Doc. 32 at 3; Doc. 33 at 4. Plaintiff contends that "the contractual rights of the parties for the underlying contracts are subject to Arizona law" and she "seeks attorneys' fees directly related to her action in district court to enforce her contractual right to fair arbitration." *Id.* at 3. Because she is "not seeking costs associated with the actual arbitration," she contends, the FAA does not apply. *Id.* at 4. Defendants disagree, and argue that "Arizona's fee shifting statute is not applicable here" because "the FAA preempts inconsistent or contrary state law. . . [and i]nterpretive case law makes clear that the FAA does not provide for an award of attorneys' fees." Doc. 32 at 3.

The underlying dispute between the parties was governed by state law. According to the FAA, an arbitration provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has held that "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). As a result, "state law, whether of legislative or judicial origin, is applicable [to an agreement to arbitrate] *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987) (emphasis in original). Arizona unconscionability law applies to contracts broadly and is not targeted at arbitration agreements. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citing *Doctor's Associates*, 517 U.S. at 687). The Ninth Circuit agrees that "state law is not entirely displaced from federal arbitration analysis." *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 936-37 (9th Cir. 2001).

Defendants cite *Clausen v. Watlow Elec. Mfg. Co.*, 242 F. Supp. 2d 877 (D. Or. 2002), for the proposition that although state law principles apply to the validity and enforceability of a contract, "whether and how to apply those defenses is a matter of federal law." Doc. 32 at 3 (also referring to *Clausen* for the conclusion that the "scope and enforcement of arbitration agreement is a matter of federal substantive law"). The *Clausen* court determined whether the arbitration provision at issue bound the plaintiff signatory in his individual capacity or solely as a representative of his corporation. 242 F. Supp. 2d at 883. The issue before the court was not the enforceability or validity of the arbitration provision, but its meaning and scope. The court made clear that the "FAA . . . does not preempt state law regarding the validity, revocability and enforceability of contracts generally. Thus, to resolve the issue whether the parties entered into a valid and enforceable written agreement to arbitrate, the court must apply general, state-law principles of contract interpretation." *Id.* at 882 (internal quotation marks and citation omitted). Defendants make no effort to explain how Plaintiff's claim, like the claim in

- 3 -

*Clausen*, involved the scope of the parties' agreement. It involved the enforceability of the warranty arbitration provision. Consequently, the Court will apply state law.

Defendants also argue that Arizona law providing for the award of attorneys' fees is inconsistent with the FAA, which does not provide such awards. Doc. 32 at 3. Defendants cite to a decision by the District Court for the District of Hawaii, which found that "[a]ttorneys' fees are not available under the Federal Arbitration Act." *Metzler Contracting Co. LLC v. Stephens*, 774 F. Supp. 2d 1073, 1089 (D. Haw. 2011). But the petition in *Metzler* was seeking confirmation of an arbitration award and requested attorneys' fees related to such efforts. In concluding that the petitioner could not recover attorneys' fees under Hawaii law, the court noted that "the Federal Arbitration Act governs the Court's evaluation of both [petitioner's] motion to confirm and the [respondent's] petition to vacate." *Id.* at 1089. Plaintiff in this case did not seek confirmation of an arbitration award. She asserted the invalidity of the warranty arbitration provision, and her claim was governed by Arizona law, not the FAA.

Finally, Defendants argue that the parties' "clearly stated intent was for there to be no fee shifting with respect to the resolution of any disputed issues." Doc. 32 at 9. But the contract provisions cited by Defendants specifically provide that each party will bear its own costs and fees for *arbitration* under the terms of the contract. Doc. 31 at 4 n.3. This case was not an arbitration, but a dispute concerning the enforceability of a contract provision that was governed by Arizona law.

Arizona law provides that, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorneys' fees." A.R.S. § 12-341.01(A). An award of attorney's fees under this statute is discretionary with the trial court. *Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987). Arizona law similarly allows a successful party in a civil action to recover costs. A.R.S. §§ 12-341, 12-332. Because Plaintiff was a successful party in a contract dispute governed by Arizona law, the Court may exercise its discretion to award reasonable attorneys' fees and costs.

- 4 -

**B.     Entitlement.**

In determining whether to exercise its discretion to award attorneys' fees under A.R.S. § 12-341.01(A), the Court must consider the following factors:

1) the merits of the unsuccessful party's claim;

2) whether the successful party's efforts were completely superfluous in achieving the ultimate result;

3) whether assessing fees against the unsuccessful party would cause extreme hardship;

4) whether the successful party prevailed with respect to all relief sought;

5) whether the legal question presented was novel or had been previously adjudicated; and

6) whether a fee award would discourage other parties with tenable claims from litigating.

*Assoc. Indemn. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985); *Am. Const. Corp. v. Philadelphia Indemn. Ins. Co.*, 667 F. Supp. 2d 1100, 1106-07 (D. Ariz. 2009); *City of Phoenix v. Glenayre Elecs., Inc.*, 375 P.3d 1189, 1198-99 (Ariz. Ct. App. 2016).

The first factor weighs strongly in favor of Plaintiff.  The warranty arbitration provision had already been determined unenforceable as fundamentally unfair by the Hawaii Supreme Court in *Nishimura v. Gentry Homes, Ltd.*, 338 P.3d 524 (Haw. 2014). This Court also found that the provision was clearly unconscionable and thus unenforceable.

The second factor weighs in favor of Plaintiff.  The challenge to the warranty arbitration provision was necessary to provide Plaintiff with a fair forum to seek relief under her contract.  As the Court found, the warranty arbitration provision did not provide Plaintiff with an "effective substitute for the judicial forum."  Doc. 29 at 9 (citing *McMullen v. Meijer, Inc.*, 355 F.3d 485 (6th Cir. 2004)).

The third factor favors Plaintiff.  Defendants are substantial business entities and make no contention that fees would impose an undue hardship on them.

The fourth and fifth factors weigh in favor of Plaintiff because she prevailed on her only claim for relief before this Court. Additionally, as noted above, the issue had already been litigated in the Hawaii Supreme Court, putting Defendants on notice that their position lacked merit.

With respect to the sixth factor, Defendants do not contend that an award of fees would discourage future parties with tenable claims from litigating.

In sum, the six factors identified by Arizona cases, taken together, strongly favor granting Plaintiff attorneys' fees. The Court concludes that Plaintiff is entitled to recover fees under A.R.S. § 12-341.01.

### C. Are Fees Recoverable in This Matter?

Plaintiff relied on the lodestar analysis in calculating her request for attorneys' fees. Defendants argue that "[l]odestar may be an appropriate method of determining a fee award in a damages case. Not so here in which the plaintiff did not request, and did not receive, a damage award. . . . A lodestar analysis has no application to a declaratory relief action as there is no damage award to which it would apply." Doc. 32 at 4. Defendants do not cite any law to support this proposition, and the Court does not find any. Rather, Arizona courts have recognized that the lodestar figure is presumed to be the proper reasonable fee. *Timmons v. City of Tucson*, 830 P.2d 871, 878 (Ariz. Ct. App. 1991).

Defendants also argue that because Plaintiff and her attorney entered into a contingent fee agreement, "Plaintiff has no obligation to pay her counsel for any of the fees incurred in this matter and, as a result, there is no entitlement to fees under A.R.S. § 12-341.01." Doc. 32 at 5. While Defendants correctly state that a litigant's genuine financial obligation to pay her attorney is necessary before any award of attorneys' fees may be granted, the cases cited by Defendant recognize that a contingent fee agreement is such a genuine obligation. *Moedt v. Gen. Motors Corp.*, 60 P.3d 240, 243 (Ariz. Ct. App. 2002); *Lisa v. Strom*, 904 P.2d 1239, 1243 n.3 (Ariz. Ct. App. 1995).[1] According to

---

[1] The court in *Lisa* was concerned with a *pro se* attorney litigant seeking attorneys'

Defendants, because Plaintiff has not yet received any damages award, she is under no financial obligation to pay her attorney. The Court is not persuaded. Defendants cite no law holding that a litigant does not have a financial obligation simply because she has not yet received a damages award. Rather, precedent suggests that the financial obligation is created when the contingency fee agreement is entered, not when damages are awarded. *Lisa*, 904 P.2d at 1243 n.3 ("an agreement to pay attorney's fees out of the recovery itself *is* a genuine financial obligation.") (emphasis in original).

### D. Is the Amount of the Requested Fee Award Reasonable?

Plaintiff originally sought $34,378 in fees and costs, but revised her request in response to Defendants' contention that this amount was unreasonable. Doc. 33. The Court has reviewed the revised itemized statement of requested attorneys' fees (Doc. 33-1) and finds the total amount to be reasonable.

Using the lodestar analysis, "'[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Bogard v. Cannon & Wendt Elec. Co.*, 212 P.3d 17, 28 (Ariz. Ct. App. 2009) (quoting *Timmons*, 830 P.2d at 878). Plaintiff seeks reimbursement at a rate of $300 per hour for partners, $200 per hour for associates, and $80-85 per hour for paralegals. Doc. 31 at 8. Defendants do not challenge the reasonableness of these rates, and, taking into account market rates in the region for the type of work undertaken, the Court also finds them reasonable.

Defendants do challenge whether these fees relate to work directly relevant to issues before this Court. Doc. 32 at 5. Defendants argue that Plaintiff is not entitled to fees incurred before the filing of the first amended complaint on March 28, 2016. According to Defendants, fees incurred before this date fall into two categories which

---

fees when he had not actually incurred any out-of-pocket expenses, as well as any interpretation of the law which would allow a *pro se* attorney to recover fees where a *pro se* laymen could not. 904 P.2d at 1244. These concerns are not at issue here. Plaintiff's attorney challenged the enforceability of the warranty arbitration provision as part of his effort to obtain damages for his client. There is no dispute that he incurred costs in doing so.

- 7 -

should be excluded from any potential award.

First, Defendants argue that Plaintiff is not entitled to any fees incurred in relation to the underlying arbitration initiated by Plaintiff in August 2014. *Id.* at 7. Defendants argue that this leaves only "fees incurred for the preparation of the [first amended complaint], preparation and filing of the initial case management report, and the briefing and argument in support of plaintiff's Motion for Judicial Relief. All other claimed fees were incurred in relation to the failed arbitration and are not recoverable." *Id.* at 6. The Court does not agree. All itemized fees incurred in relation to the enforceability of the warranty arbitration provision were necessitated by Defendants' position, resulted in this lawsuit, and are reasonable and recoverable.

Second, Defendants argue that the fees incurred in relation to Plaintiff's original complaint are not recoverable. *Id.* at 7. The original complaint included claims on behalf of six plaintiffs. Doc. 1. As Defendants point out, this complaint "necessitated an amendment as the plaintiffs could not establish that they each met the jurisdictional requirement for the Court to assert diversity jurisdiction over their claims." Doc. 32 at 7. The Court agrees that Plaintiff may not recover fees incurred in relation to this jurisdictional defect. Plaintiff's counsel should have known that the original plaintiffs' claims could not be aggregated to satisfy the amount in controversy requirements. *See Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) ("The traditional rule is that multiple plaintiffs who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement."). Any work aimed at establishing federal diversity jurisdiction over the claims of the other five plaintiffs was not reasonable. Plaintiff emphasizes that she amended her complaint in response to Defendants' motion to dismiss based on lack of jurisdiction, rather than litigate the issue, so as to reduce costs. Doc. 33 at 8. This is not sufficient to render related attorneys' fees reasonable. The Court finds that any fees incurred in response to the issue of jurisdiction are unreasonable and should be removed from the final award. The Court will remove items 13-15, 17-18, 32-40 from the award of attorneys' fees.

Doc. 33-1.

After reviewing Plaintiff's evidence with these conclusions in mind, the Court will award Plaintiff $23,727 in attorneys' fees and $466.65 in costs.

### E. Compliance with Local Rules.

Defendants argue that Plaintiff's fee request should be denied for failure to comply with local rule 54.2(d)(1):

> No motion for award of attorneys' fees will be considered unless a separate statement of the moving counsel is attached to the supporting memorandum certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees or that the moving counsel has made a good faith effort, but has been unable, to arrange such conference.

LRCiv 54.2(d)(1). While Plaintiff's original motion did not contain the required statement (Doc. 31), her reply brief does (Doc. 33-2). Defendants argue that this correction is not sufficient to satisfy the rule because the consultation did not occur before the motion for costs and fees was made and because Plaintiff did not discuss the three substantive objections raised by Defendants in their response. Doc. 36-1 at 2. The Court will not deny Plaintiff's motion on this basis. Although consultation before filing a motion for fees and costs is clearly the required practice, the Court concludes that Plaintiff's subsequent consultation substantially complied with this rule and that denial of fees on this basis would be unjust. Defendants have made clear that they oppose any fee award on multiple grounds.

## IV. Motion to Seal.

Plaintiff seeks to file under seal her fee agreement with counsel. Doc. 34. Defendants oppose the motion. Doc. 36-1 at 2-3. Two standards generally govern requests to seal documents. "First, a 'compelling reasons' standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010 (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)). "[A]

- 9 -

1  party seeking to seal judicial records must show that 'compelling reasons supported by
2  specific factual findings outweigh the general history of access and the public policies
3  favoring disclosure.'" *Pintos*, 605 F.3d at 678 (quoting *Kamakana*, 447 F.3d at 1178).
4  The second standard applies to "'private materials unearthed during discovery,' as such
5  documents are not part of the judicial record." *Id.* (quoting *Kamakana*, 447 F.3d at
6  1180). The "good cause" standard set forth in Rule 26(c) of the Federal Rules of Civil
7  Procedure applies to this category of documents. *See id.*; *San Jose Mercury News, Inc. v.*
8  *U.S. Dist. Court–N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir.1999). For good
9  cause to exist, "the party seeking protection bears the burden of showing specific
10 prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.*,
11 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see Foltz,* 331 F.3d at 1130. The good cause
12 standard applies to documents attached to non-dispositive motions because those
13 documents are often "'unrelated, or only tangentially related, to the underlying cause of
14 action.'" *Phillips*, 307 F.3d at 1213 (citation omitted).

15 Because the contingency fee agreement is attached to a non-dispositive motion,
16 the good cause standard will apply. Plaintiff argues that the agreement should be filed
17 under seal because "it contains protected personal information, professional business
18 strategies and potential trade secrets. Specifically, the fee agreement describes in part
19 Plaintiff's counsels' methods of litigating a case and strategy regarding retention of
20 clientele. Such proprietary information is protectable under seal." Doc. 34 at 3. Plaintiff
21 further alleges that, if this agreement is not filed under seal, Plaintiff's counsel would
22 likely "suffer professionally as other firms could adopt Plaintiff's strategy in client
23 retention, or utilize their knowledge of the fee agreement to engage in gamesmanship
24 during the course of a case to ensure Plaintiff's counsel is not paid." *Id.* at 4.

25 Defendants do not allege, and the Court does not find, any significant public
26 interest in access to the content of the agreement. Plaintiff has met her burden of
27 showing good cause and overcoming the presumption of public access.
28 / / /

**IT IS ORDERED:**

1. Plaintiff's motion for attorneys' fees and costs (Doc. 31) is **granted in part** and **denied in part.** Plaintiff is awarded attorneys' fees and costs in the amount of $24,193.65.

2. Plaintiff's motion to seal (Doc. 34) is **granted.** The Clerk is directed to accept for filing under seal the document lodged as Doc. 35 on the Court's docket.

3. Defendant's motion for leave to file a sur-reply (Doc. 36) is **granted.**

Dated this 2nd day of December, 2016.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge